IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES, <br><br> v. <br><br> CHRISTOPHER LEE SMITH, <br><br> Defendant. | Case No. 3:19-cr-15 <br> 2:19-cr-127 |

**MEMORANDUM OPINION & ORDER**

This matter comes before the Court on the defendant's "Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)" and "Defendant's Supplemental Memorandum in Support of Compassionate Release." 2:19-cr-127 ECF Nos. 34 and 41; 3:19-cr-15 ECF Nos. 17 and 23.[1] The motion argues that "the global COVID-19 pandemic combined with Mr. Smith's medical condition presents an 'extraordinary and compelling reason' for compassionate release." ECF No. 17 at 1. The government responded to the motion on February 2, 2022. ECF No. 24. This matter is ripe for disposition. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. For the reasons stated below, the motion is **DENIED**.

---

[1] As described further below, the defendant filed identical motions for compassionate release in both his supervised release violation case (2:19-cr-127) and in his underlying offense case (3:19-cr-15). This Opinion and Order shall apply to both motions. Unless otherwise noted, ECF citations are to 3:19-cr-15.

I.  **PROCEDURAL HISTORY**

This case began in the District of South Carolina, where the defendant was sentenced to 168 months of incarceration and five years of supervised release for distribution of cocaine. *See* Judgment, *United States v. Smith*, 7:08-cr-453, ECF No. 28 (D.S.C. January 7, 2009). After being released, the defendant received a citation for reckless driving on December 22, 2018, and was arrested on February 1, 2019, during a traffic stop after approximately one-half kilogram of cocaine was found in his vehicle. ECF No. 3.

Jurisdiction over the defendant's supervised release was transferred to the Eastern District of Virginia on January 29, 2019. *See* Order, *United States v. Smith*, 7:08-cr-453, ECF No. 96 (D.S.C. Jan. 29, 2019). After a hearing, the Honorable Henry Coke Morgan found the defendant guilty of violating the terms of his supervised release and remanded the defendant for a term of 24 months. ECF No. 15.

Meanwhile, the defendant was charged in a criminal complaint with possession with intent to distribute cocaine based on the February 1, 2019 traffic stop. 2:19-cr-127 ECF No. 1. The defendant pleaded guilty, 2:19-cr-127 ECF No. 19, and was sentenced by Judge Morgan to a term of imprisonment of 37 months with three years of supervised release, 2:19-cr-127 ECF No. 31. Judge Morgan ordered the defendant's 24-month term of imprisonment for his supervised release violation to be served consecutively with his 37-month term of imprisonment for the underlying offense.

On May 12, 2020, the defendant filed motions for compassionate release in both his supervised release violation case and in his underlying offense case. 2:19-cr-127 ECF No. 34; 3:19-cr-15 ECF No. 17. The motions are essentially identical,[2] and this Memorandum Opinion and Order shall apply to both. This case was reassigned to this Court on April 13, 2023.

## II. LEGAL STANDARDS

### A. Exhaustion

Before the court may consider a motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i), the defendant must exhaust their administrative rights to appeal the Bureau of Prisons' failure to bring a motion on the defendant's behalf. 18 U.S.C. § 3582(c)(1)(A). Alternatively, once 30 days have passed after the defendant has requested relief from the warden of their facility, the defendant may file a motion with the court as though they had exhausted their administrative remedies. *Id.*; *see United States v. Muhammad*, 16 F.4th 126, 131 (4th Cir. 2021) (clarifying that defendants may satisfy the exhaustion requirement by waiting 30 days from the date of their initial request to file a motion in the district court, even if the warden has already responded to their request).

### B. Merits

A court may modify a term of imprisonment under 18 U.S.C. § 3582(c)(1)(A)(i) if, after considering the sentencing factors in 18 U.S.C § 3553(a), it finds that

---

[2] The motion in 2:19-cr-127 includes a table of cases granting compassionate release, while the motion in 3:19-cr-15 does not.

"extraordinary and compelling reasons warrant such a reduction." *See United States v. Hargrove*, 30 F.4th 189, 197-98 (4th Cir. 2022). The overarching purpose of the compassionate release mechanism guides district courts' consideration:

> When Congress authorized district courts, as a matter of discretion, to release an inmate from prison based on extraordinary and compelling reasons, it did so to introduce compassion as a factor in assessing ongoing terms of imprisonment, authorizing a district court to give greater weight to an inmate's personal circumstances — when sufficiently extraordinary and compelling — than to society's interests in the defendant's continued incarceration and the finality of judgments. Thus, motions for relief under § 3582(c)(1)(A)(i) ask courts to balance the severity of the inmate's personal circumstances, on the one hand, against the needs for incarceration, on the other.

*Id.* at 197. Courts in this district have generally considered the defendant's arguments regarding extraordinary and compelling reasons for sentence reduction first, then balanced the outcome of that analysis against the sentencing factors in section 3553. *E.g.*, *United States v. Ogun*, No. 4:12cr4, 2023 WL 2207114, at *1 (E.D. Va. Feb. 24, 2023).

### 1. *Extraordinary and compelling reasons*

The Court may reduce a prisoner's sentence under § 3582(c)(1)(A)(i) if it finds "extraordinary and compelling reasons" to do so. The prisoner bears the burden of demonstrating such reasons. *See Hargrove*, 30 F.4th at 195.

The Sentencing Commission has promulgated a policy statement, United States Sentencing Guideline § 1B1.13, which attempts to define what may constitute "extraordinary and compelling reasons." *United States v. McCoy*, 981 F.3d 271, 276 (4th Cir. 2020). This policy statement was last updated before the First Step Act was

4

signed into law, *i.e.*, when only the Bureau of Prisons could bring compassionate release motions. *Id.* As a result, the Fourth Circuit has held that the policy statement is not binding but can serve as "helpful guidance" when evaluating compassionate release motions filed by prisoners. *Hargrove*, 30 F.4th at 197 (quoting *United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021)). The policy statement provides that extraordinary and compelling reasons exist, in the medical/health context, where:

> The defendant is suffering from a terminal illness . . . serious physical or medical condition . . . serious functional or cognitive impairment . . . [or] deteriorating physical or mental health because of the aging process . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 cmt. n. 1 at (A)(i), or where

> The defendant (I) is at least 65 years old; (II) is experiencing a serious deterioration in physical or mental health because of the aging process; and (III) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

*Id.* at (A)(ii). A "district court's analysis must examine whether the defendant's request for reduction is consistent with the Sentencing Commission's applicable policy statements." *United States v. Malone*, 57 F.4th 167, 173 (4th Cir. 2023).

Although the Fourth Circuit has not, in a published opinion, definitively set forth the standard for courts to use when evaluating compassionate release motions based on COVID-19, the court has stated that the "inmate must show at least 'that the risk of contracting COVID-19 in a prison is higher than the risk outside the prison and that the inmate's preexisting medical condition increases that individual's risk of experiencing a serious, or even fatal, case of COVID-19.'" *United States v. Steward*,

5

No. 22-6403, 2022 WL 16948600, at *1 (4th Cir. Nov. 15, 2022) (unpublished) (quoting *High*, 997 F.3d at 185).

The prevailing standard applied by courts in this district and elsewhere in the Fourth Circuit is that the prisoner must show "both a particularized susceptibility to the disease *and* a particularized risk of contracting the disease at [their] prison facility." *United States v. Feiling*, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020) (emphasis added); *see also, e.g.*, *Hargrove*, 30 F.4th at 196 (affirming a district court order denying relief after applying this standard); *United States v. Adamson*, 831 F. App'x 82, 83 (4th Cir. 2020) (unpublished) (same).

### 2. *Sentencing factors*

After completing the "extraordinary and compelling reasons" analysis, the Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a). *United States v. Nurani*, No. 2:11cr34-3, 2023 WL 2058649, at *7 (E.D. Va. Feb. 16, 2023). Even if the Court finds "extraordinary and compelling reasons" to reduce a defendant's sentence, the Court may ultimately deny a motion for compassionate release if its analysis of the § 3553(a) factors counsels against release. *Id.* Those factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;

6

> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established [by the Sentencing Commission];
>
> (5) any pertinent policy statement [issued by the Sentencing Commission] [that is in effect on the date the defendant is sentenced except as provided in section 3742(g)];
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

## III. ANALYSIS

### A. Exhaustion

The defendant filed an administrative request with the warden of his facility on April 16, 2020. *See* ECF No. 17-1. The defendant's request was denied on April 22, 2020. *Id.* The defendant filed the instant motion on May 12, 2020. The government concedes that the defendant has met the exhaustion requirement. ECF No. 24 at 2. Accordingly, the Court finds that the exhaustion requirement has been satisfied.

### B. Merits

#### 1. *Extraordinary and compelling reasons*

The defendant must show "both a particularized susceptibility to [COVID-19] *and* a particularized risk of contracting the disease at his prison facility." *Feiling*, 453 F. Supp. 3d at 841 (emphasis added). Although the defendant argues that he "suffers

from several health conditions that increase his risk of serious illness or death from the virus," *see* ECF No. 23 at 1, his briefs do not identify what those medical conditions are, *see* ECF No. 17 at 16–17. The Court's review of the defendant's medical records has likewise not revealed the diagnosis of any conditions that may increase his risk of serious illness. *See* 2:19-cr-127 ECF No. 45 (SEALED).

As the government argues, the defendant "is 40 years old and has no serious underlying health condition that makes him particularly susceptible to serious illness from COVID-19." ECF No. 24 at 1. The defendant does not offer any facts to dispute this argument. At 40 years old, the defendant's age does not fall into the range where the CDC recognizes an increased risk of serious illness.[3]

The widespread availability of COVID-19 vaccines has, in general, decreased the risk that individuals will develop serious illness from COVID-19.[4] As a result, the availability of vaccines has also generally decreased the likelihood that a defendant will be able to demonstrate "extraordinary and compelling reasons" that justify release based on the risk of serious illness from COVID-19.

This is borne out by an examination of the case law. The Fourth Circuit has stated that district courts may consider a defendant's vaccinated status as a factor that weighs against issuing relief, *see United States v. Bethea*, 54 F.4th 826, 833 (4th Cir. 2022), while other courts have considered a defendant's *un*vaccinated status as

---

[3] *See* CDC, *Factors That Affect Your Risk of Getting Very Sick from COVID-19*, https://www.cdc.gov/coronavirus/2019-ncov/your-health/risks-getting-very-sick.html (last visited June 7, 2023) (recognizing increased risk for individuals older than 50 years of age).
[4] *See supra* note 3.

8

a factor that also weighs against issuing relief, *see, e.g.*, *United States v. Shimek*, No. 4:20cr54, 2023 WL 2479609, at *5 (E.D. Va. Mar. 13, 2023) (finding that "[the defendant's] refusal [to get vaccinated] substantially undermines his assertion that extraordinary and compelling reasons exist to warrant his release"). Here, the defendant has refused to be vaccinated against COVID-19 at least twice. *See* 2:19cr127 ECF No. 45 at 239 (SEALED) (refusing Pfizer vaccine on February 10, 2021, and refusing Moderna vaccine on May 28, 2021). As a result, the defendant's unvaccinated status weighs against issuing him relief.[5]

The CDC has also recognized that "[h]aving a previous infection with the virus that causes COVID-19 offers some protection from future illness."[6] The defendant has been infected and recovered twice: once in June 2020, *see* 2:19-cr-127 ECF No. 45 at 22, and again in January 2022, *see id.* at 286. There is no indication in the record that either of these infections resulted in serious illness. *See, e.g.*, *id.* at 286 (noting that the defendant was "asymptomatic"). Thus, the defendant's prior infections weigh against issuing him relief. *See, e.g.*, *United States v. Bacon*, No. 3:17cr98, 2023 WL 2588556, at *5 (E.D. Va. Mar. 21, 2023) (noting that the defendant "was an entirely asymptomatic COVID-19 patient"); *Nurani*, 2023 WL 2058649 at *4 (crediting the defendant's "recovery from a previous infection").

---

[5] Alternatively, if the defendant has been vaccinated during the time that this motion has been pending, his vaccinated status would likewise weigh against granting compassionate release.

[6] *See supra* note 3.

9

A reduction in sentence would not be consistent with the Sentencing Commission's guidance. The defendant is not "suffering from a terminal illness," he does not have a "serious physical or medical condition" or "serious functional or cognitive impairment," and his "physical or mental health" is not "deteriorating . . . because of the aging process." U.S.S.G. § 1B1.13 cmt. n. 1 at (A)(i). Nor is the defendant "at least 65 years old" or "experiencing a serious deterioration in physical or mental health because of the aging process." *Id.* at (A)(ii). These factors, though not dispositive, counsel against issuing relief.

For the foregoing reasons, the Court finds that the defendant has failed to show that he is particularly susceptible to serious illness from COVID-19.

The defendant also argues that he is at a particularized risk of contracting the disease at his prison facility, FCI Berlin. ECF No. 23 at 1. As of June 7, 2023, the facility is operating at Level 1 Operations, meaning that the "[m]edical isolation rate" is less than 2% and that there have been fewer than 100 positive cases per 100,000 inmates over the last seven days.[7] There are currently no active cases of COVID-19 among inmates, and the facility has experienced no COVID-related deaths.[8] In addition, 414 out of 662 inmates have been vaccinated against COVID-19. *Id.* These

---

[7] *See* BOP, *FCI Berlin*, https://www.bop.gov/locations/institutions/ber/index.jsp (last visited June 7, 2023); BOP, *COVID-19 Modified Operations Plan & Matrix*, https://www.bop.gov/coronavirus/covid19_modified_operations_guide.jsp (last visited June 7, 2023).

[8] *See* BOP, *Inmate COVID-19 Data*, https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp (last visited June 7, 2023).

10

facts demonstrate that the defendant does not have a particularized risk of contracting COVID-19 at his facility.

For the reasons stated above, the defendant has failed to demonstrate extraordinary and compelling reasons that warrant compassionate release.

### 2. *Sentencing factors*

Even if the defendant had demonstrated extraordinary and compelling reasons such that compassionate release was warranted, the factors enumerated in 18 U.S.C. § 3553(a), when viewed in light of the health and circumstances of the defendant as discussed above, counsel against issuing relief.

The "nature and circumstances of the offense" for which the defendant was convicted are serious. The defendant was convicted of possessing cocaine with intent to distribute while he was on supervised release for a drug trafficking conviction. *See* ECF No. 16. Violations of the terms of supervised release weigh against issuing relief. *See, e.g., United States v. Bell*, No. 4:06-cr-00583, 2021 WL 6011061, at *3 (D.S.C. Dec. 20, 2021).

"The need for the sentence imposed, "the kinds of sentences available," and the "sentencing range" also counsel against issuing relief. As noted above, given that the defendant's misconduct occurred while he was out on supervised release, there is a need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense" and to deter criminal conduct. 18 U.S.C. § 3553(a)(2)(A), (B).

The advisory guidelines range for the defendant's underlying offense was 37 to 46 months, *see* 2:19-cr-127 ECF No. 26 at 22, and the defendant was sentenced to 37 months, *see* 2:19-cr-127 ECF No. 32. The defendant was additionally sentenced to 24 months for violating the terms of his supervised release, to run consecutively with his 37-month sentence. ECF No. 15. Given that the defendant has already served his 37-month sentence, granting the defendant's motion would result in a reduced sentence for his supervised release violation. Based on the offense conduct, including the defendant's possession of nearly half a kilogram of cocaine while out on supervised release, a shorter sentence is not warranted. For the same reasons, alternative sentences such as home confinement or supervised release would not "reflect the seriousness of the offense, . . . promote respect for the law, . . . [or] provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A); *United States v. Freeman*, 617 F. Supp. 3d 386, 400 (E.D. Va. 2022).

Finally, the Court has considered the "history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The defendant has an extensive criminal history that includes several felonies, which weighs heavily against granting relief. *See* ECF No. 22 ¶¶ 26–60. The defendant has made some efforts to further his education while he has been incarcerated, *see* ECF No. 24–25, and has engaged in drug treatment and mental health treatment, *see* ECF No. 24–26. These attempts at rehabilitation are commendable but do not outweigh the other factors enumerated in § 3553(a). *See United States v. Hill,* No. 3:14cr114, 2020 WL 6049912, at *3 (E.D. Va. Oct. 13, 2020)

("[A] petitioner's rehabilitation alone does not provide sufficient grounds to warrant a sentence modification.").

In sum, the Court concludes that the sentence currently imposed is "sufficient, but not greater than necessary" and that the factors enumerated in § 3553(a) counsel against reducing the defendant's sentence.

## IV. CONCLUSION

The defendant having exhausted all administrative remedies, the instant Motion for Compassionate Release is properly before this Court. The Court finds that the defendant has not met his burden of showing extraordinary and compelling reasons that warrant a reduction in his sentence. The Court also finds that the sentencing guidelines under 18 U.S.C. § 3553(a) weigh against granting the defendant's motion. Accordingly, the Motion for Compassionate Release (2:19-cr-127 ECF No. 34; 3:19-cr-15 ECF No. 17) is **DENIED**.

The Clerk is **DIRECTED** to forward copies of this Order to all counsel of record.

**IT IS SO ORDERED.**

/s/ *JKW*

Jamar K. Walker
United States District Judge

Norfolk, Virginia
June 7, 2023